### FRAUD IN THE SALE OF REAL ESTATE.

Circuit Court of Cuyahoga County.

### W. SCOTT RADER v. MARY BASCH.

Decided, June 28, 1910.

*Charge as to Proof of Admitted Fact—Action for Fraud Against Agent —Claim Against Principal Not Paid—Note Enforceable Though Mortgage Not.*

1. It is not error to refuse to charge that the plaintiff can not recover unless she prove a fact which is admitted in the answer.

2. One who has been defrauded by the misrepresentations of an agent of an owner of property sold to her as to the incumbrances thereon, may maintain her action against such agent for the fraud, notwithstanding she has proved up her claim against the principal upon such principal's adjudication in bankruptcy, but has realized nothing from the bankrupt's estate.

3. One who by fraud has been induced to give a note and mortgage on her property to an innocent third person, may recover from the person who so fraudulently induced her to give the note and mortgage, the amount thereof, notwithstanding the mortgage securing the note is defectively executed and unenforceably, she being required, however, to pay the note.

*Carl Thompson* and *Frank C. Scott,* for plaintiff in error.
*F. F. Klingman,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties to each other here is the reverse of their relation in the court of common pleas.   The terms plaintiff and defendant as used in this opinion, refer to the parties as they stood in the original case.

Plaintiff brought her action in the court of common pleas seeking to recover from the defendant the sum of $1,800 for damages which she claimed to have sustained by reason of the breach of a contract entered into between herself and the defendant on the 24th of April, 1895. She prayed to recover a judgment for $1,800 and interest. The jury returned a verdict in favor of the plaintiff for $2,268.

A motion for a new trial was made and the court, as a condition for overruling the motion, required that the plaintiff remit from such verdict the sum of $490. This the plaintiff did, and the judgment was thereupon entered for the amount of such verdict, less said $490, to-wit, the sum of $1,778.

The facts are these:

The defendant was acting as the agent of one J. W. Hamby, who was a dealer in real estate in this city. He agreed with the plaintiff to sell her a certain piece of real estate in the village of Lakewood in Cuyahoga county, Ohio, for the sum of $2,750, and to give her a free and unincumbered title to said property. The defendant disclosed the fact to the plaintiff that he was the agent of Hamby and she dealt with him with that understanding. The price of $2,750 was made up by her paying to him $1,150 in cash, or rather in a certified check, which was received as cash, and giving a note for $1,600 secured by mortgage upon the property. This note and mortgage were turned over by Hamby to one Shepherd, who furnished the $1,600. The mortgage was defective in that it was not acknowledged before any officer, and there was but one subscribing witness. The note, however, was valid. As a matter of fact, at the time the deed from Hamby was delivered to the plaintiff by the defendant, there was a mortgage upon the property for $1,800 owned by the Union Savings & Loan Co. As already stated, the title which the defendant agreed to give to the plaintiff was to be free and unincumbered. Some two years elapsed after the transaction already named before the plaintiff discovered that this mortgage of $1,800 was outstanding on the property. Meanwhile she had paid some $800 to Shepherd on the $1,600 note, and in the interim Hamby had disappeared, but he had reduced the mortgage for $1,800 as is said by the defendant in .

his answer, to about $1,650, so that the real incumbrance on the property was the last named amount when the deed was delivered to the plaintiff. This sum, with the interest upon it, making an aggregate of some $1,662, the plaintiff paid in order to relieve her property from the encumbrance wrongfully left upon it by Hamby. In order to do this, she was obliged to borrow about $1,600, $1,200 of which she borrowed of Shepherd, the man who had furnished the $1,600 at the time of the purchase, and whose note had been reduced at this time to about $800. To accomplish this, the original $1,600 defective mortgage was canceled and the $800 remaining unpaid upon the original loan from Shepherd was merged with the $1,200 which Shepherd now furnished, and the plaintiff gave her note and mortgage to Shepherd for $2,000, borrowing from a relative something like $400, which last named sum, together with the $1,200 new money obtained from Shepherd and some little money which the plaintiff had, was sufficient and was used to pay off the balance still due on the Union Savings & Loan Company's mortgage. The damage, therefore, which the defendant suffered at the hands of Hamby, and for which the defendant is liable, if he is liable at all, is this $1,662, which she was required to pay to relieve the property from the last named mortgage.

It is urged as against this that since the original mortgage given to Shepherd was invalid for want of acknowledgment and for want of proper witnesses, she did not suffer this entire· amount, because, it is said, her mortgage to Shepherd being invalid she need not have paid that sum to him. This ignores entirely the fact that she got $1,600 from Shepherd for which she gave her note, and which, because she gave her note, she was bound to pay whether she gave any mortgage for it or not. It is not to be presumed that the plaintiff could by some dishonest means have defeated Shepherd from collecting the $1,600 which he had furnished the plaintiff for the purchase of this property, and for which she had given her note, and half of which she had paid before she discovered the fraud. And what is here said disposes of one of the grounds of error claimed in the refusal of the court to charge as to the invalidity of this

original Shepherd mortgage. So that the whole question is as to whether the defendant was responsible for this defect in title, and this depends upon a question of fact whether he, at the time he delivered the deed, told the plaintiff that the property was then free and clear of encumbrance. He says he did not, but that he assured her that the $1,800 mortgage would be at once discharged and canceled, and that he made this assurance upon the assurance of Hamby that the $1,600 which was to come from Shepherd and a sufficient part of the $1,150 paid in cash, would be used for that purpose. Hamby failed to do this.

The plaintiff, her husband and daughter, all testify that when the deed was delivered by the defendant to the plaintiff he stated that, to use his own terms, this Union Savings & Loan Company mortgage was "raised and canceled." And these witnesses also testify that he then produced an abstract of title on which this mortgage was shown, and shown to be canceled, using the language, "You asked me for an abstract for 60 years, here is one for a hundred years; what more do you want?"

That the abstract shown had been in the possession of the Union Savings & Loan Co. is certain; that this abstract was taken from such company by Hamby is also certain. This obstract has disappeared; nobody is able to find it or produce it; it was not returned to the Union Savings & Loan Company. Hamby may have forged a cancellation upon it. The defendant testifies, however, that when this abstract was shown to the plaintiff it did not show a cancellation of this last named mortgage, and as has already been said, he denied that he made the statement that it had been discharged, and that he knew at the time the deed was delivered that the loan company's mortgage was still outstanding, but he expected it would be at once discharged by Hamby, and that he stated those facts to the plaintiff.

If the jury believed him the verdict should have been for the defendant. Manifestly the jury did not believe him, but believed the plaintiff and her witnesses, and probably made the excuse for the defendant that when he made the statement that this mortgage had been "raised and canceled" he believed that no harm could come from it, because he expected it would be

at once done. Yet giving this excuse, it does not relieve him from liability in this action. He was liable if he made the misrepresentation which the plaintiff and her witnesses say he did make, knowing that it was not true.

The testimony shows that the bargaining for this property was conducted by the plaintiff and her husband; that the deed was first made out to the husband, but at his direction a new deed was made out to the wife. The husband testifies that he paid the money to the loan company for the cancellation of its mortgage, and, it is urged, that this being true the plaintiff can not recover in this action. The evidence, however, shows that the money to the extent of $1,200 was raised by mortgage upon this very property, and that the $400 was borrowed from a sister of the plaintiff. The fact that the money was actually handed over by the husband does not take away the right of the plaintiff to recover, when the mutual interest of the husband and wife in this property, and the way in which it was purchased, are considered. This payment was not a voluntary payment on the part of the husband in such sense as it would be if some outsider, who had no interest in the property, had made the payment.

The defendant requested the court to charge, before argument, among other things, the following:

"Before there can be any recovery in this case, the plaintiff must prove that the amount she paid to the Union Savings & Loan Company, if she paid anything whatever to it to satisfy its mortgage on her property, was actually due and owing on such mortgage, and in the absence of such proof, your verdict must be for the defendant in this case."

This was refused, and it was properly refused under the pleadings in the case, for the answer admits that there was such a mortgage to the amount of $1,800, and that payments had been made upon it, reducing it to $1,650. With that answer on file by the defendant it would have been clearly erroneous for the court to charge as requested.

The court was also asked to charge that "the plaintiff, if she sustained any loss by reason of the mortgage to the Union Savings & Loan Company on the property purchased by her, might

recover such loss from J. W. Hamby, who delivered his deed to her to such property, warranting the title free of incumbrance. If you find, therefore, that she has elected to rely on such warranty and to look to J. W. Hamby or his estate for her loss, she can not recover such loss from defendant in this case.''

The only possible ground on which any claim could be made that this charge should go to the jury is the evidence that Hamby went into bankruptcy and that the plaintiff proved up her claim in the bankruptcy proceeding, and got nothing from it. Clearly it would have been erroneous to have given this charge. The plaintiff might well prove up her claim against Hamby and get all she could from his estate, and hold the defendant if she could hold him at all, for the balance. She did prove up her claim against Hamby. She got nothing. This certainly did not relieve the defendant.

A request was made that the court charge that if the mortgage to Shepherd was not acknowledged before a notary public or some othes officer authorized by law to take acknowledgments, and that if Mary Basch never did acknowledge the mortgage before a notary who certified to such acknowledgment that such mortgage was null and void. This request was properly refused, because as has already been said in this opinion, the validity of this mortgage to Shepherd was a matter of indifference so far as the liability of this defendant is concerned. The plaintiff raised the $1,600 and it was paid to Hamby. She gave her note which she was bound to pay. It was a matter of indifference to Hamby or the defendant, so far as their liability to the plaintiff is concerned, whether the security which she gave for the payment of such note was valid or invalid.

This disposes of the requests to charge, and they have been treated here as though they were requests properly proffered before argument, although the language of the bill does not show that they were proffered in the manner pointed out by the statute, the language of the bill being: ''Whereupon counsel for the defendant requested the court give the following charges to the jury before argument,'' whereas the statute provides that they shall be presented in writing. However, as already stated, no part of the finding of this court is based upon this failure to properly request charges before argument.

The result is that an examination of the entire record fails to show any error for which the judgment should be reversed and it is therefore affirmed.